IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION FUND, et al.**, <br><br> Plaintiffs, <br><br> *v.* <br><br> **MINISCALCO CORPORATION,** <br><br> Defendant. | CIVIL ACTION <br><br> NO. 2:20-cv-5745-KSM |

## MEMORANDUM

**MARSTON, J.**                                                                                              **January 12, 2021**

Plaintiffs the Laborers' District Council Construction Industry Pension Fund; the Laborers' District Council Building and Construction Health and Welfare Fund; the Laborers' District Council Education and Training Fund; the Laborers' District Council Prepaid Legal Plan; the Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity Laborers' International Union of North America (Ryan Boyer as Trustee Ad Litem); the Laborers' – Employers' Cooperation and Education Trust; the Laborers' District Council Local Regional, and State Health and Safety Benefit Fund; and the Contractors' Association of Eastern Pennsylvania (collectively, "Plaintiffs") bring this Employee Retirement Income Security Act ("ERISA") action against Defendant Miniscalco Corporation. (Doc. No. 1.)  As part of their ERISA action, Plaintiffs seek an audit/accounting and contributions under their contracts.  (*Id.*)

Presently before the Court is Plaintiffs' Motion for Alternative Service of Complaint and Summons.  (Doc. No. 4.)  For the reasons discussed below, we find that Plaintiffs have failed to demonstrate that they have made a good faith effort to locate and serve Miniscalco Corporation.

Accordingly, we deny their motion without prejudice.

## I. Factual Background

Plaintiffs filed this lawsuit against Defendant Miniscalco Corporation on November 17, 2020. (Doc. No. 1.) However, Plaintiffs have not yet effected service upon Defendant. (*See* Doc. No. 4.)

Plaintiffs have taken a few steps to locate and serve Miniscalco Corporation. First, Plaintiffs forwarded the complaint and a waiver of service form by first class mail to 1776 Stout Drive, Warminster, PA 18974—an address associated with Defendant on a Dun & Bradstreet report; by email to haminiscalco@miniscalcocorp.com; and by forwarding copies to Robert Birch, Esquire, Defendant's last known counsel. (*Id.* at pp. 3–4, 6; *see also* Doc. Nos. 4-1, 4-2.) However, Miniscalco Corporation did not execute and return the waiver of service form. (Doc. No. 4 at pp. 4, 6.) Mr. Birch informed Plaintiffs that he could not accept service on behalf of Miniscalco Corporation, his former client, because he had not been engaged to represent the company in this lawsuit. (*Id.*) Plaintiffs assert that neither the first class mail sent to the 1776 Stout Drive address nor the email sent to haminiscalco@miniscalcocorp.com were returned as "undeliverable." (*Id.*)

Using a process server, Plaintiffs then attempted to serve Miniscalco Corporation in person at the 1776 Stout Drive address on December 23, 2020. (*Id.*) Other building tenants advised the process server that Miniscalco Corporation was not an occupant at that address. (*Id.*; *see also* Doc. No. 4-3 at p. 4.) Next, on December 29, 2020, the process server attempted to serve Miniscalco Corporation at 40 West Evergreen Avenue, Suite 101, Philadelphia, PA, an address previously associated with Defendant. (Doc. No. 4 at p. 4; *see also* Doc. No. 4-4.) This attempt was also unsuccessful. The 40 West Evergreen Avenue location is a shared workspace,

and the process server was told that Miniscalco Corporation no longer used the shared workspace and had in fact "closed its mailbox" approximately six months earlier (i.e., late June 2020). (Doc. No. 4 at pp. 4–5; *see also* Doc. No. 4-4.)  Finally, Plaintiffs filed a request with the postmaster for any forwarding address for mail delivered to Miniscalco Corporation at the 40 West Evergreen Avenue location, but have not yet received a response.  (Doc. No. 4 at p. 5; *see also* Doc. No. 4-5.)

Plaintiffs now move for an Order permitting alternative service of the complaint by first class mail to the 40 West Evergreen Avenue, Suite 101, Philadelphia, PA 19118 address (the shared workspace); by first class mail to any forwarding address received in response to their request from the Postmaster; and by email to haminiscalco@miniscalcocorp.com.  (Doc. No. 4 at p. 5.)

## II.  *Legal Standard*

A corporation, such as Miniscalco, must be served "by delivering a copy of the summons and of the complaint to an officer, manager or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h)(1)(B); *see also Deutsche Bank Nat'l Tr. Co. v. Marjer, Inc.*, Civil Action No. 14-2422, 2014 WL 5410203, at *2 (E.D. Pa. Oct. 24, 2014).  Alternatively, a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P. 4(h)(1)(A); *see also Deutsche Bank Nat'l Tr. Co.*, 2014 WL 5410203, at *2.

Although there is no federal rule providing an alternative for service of process, Federal Rule of Civil Procedure 4(e)(1) allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located

or where service is made."[1]  *See id.*; *see also* Fed. R. Civ. P. 4(h)(1)(A) (referring to Fed. R. Civ. P. 4(e)(1)); Fed. R. Civ. P. 4(e)(1).  In Pennsylvania, if in-person service on a party or her agent is not possible, Pennsylvania Rule of Civil Procedure 430 allows "the plaintiff [to] move the court for a special order directing the method of service.  The motion [must] be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made."  Pa. R. Civ. P. 430(a).

For a court to order an alternative method of service, the plaintiff first must demonstrate that it has made a good faith effort to locate and serve the defendant.  *See* Pa. R. Civ. P. 430(a), note; *Deutsche Bank Nat'l Tr. Co.*, 2014 WL 5410203, at *3; *see also Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006).  Last, a plaintiff must show that "its proposed alternate means of service is 'reasonably calculated to provide the defendant with notice of the proceedings.'"  *Deutsche Bank Nat'l Tr. Co.*, 2014 WL 5410203, at *3 (citations omitted).

"Alternative service is only appropriate as a 'last resort' when regular service cannot be made."  *Id.* (citations omitted).  As such, "the plaintiff must establish that service cannot be made before it will be permitted to serve the defendant by an alternative method."  *Id.*

### III.  Discussion

#### A.  *Good Faith Attempt to Locate and Serve Defendant*

Here, we find that Plaintiffs need to take additional steps to demonstrate a good faith

---

[1] Because Federal Rule of Civil Procedure 4(e)(1) allows a plaintiff to serve a defendant pursuant to the law of the state in which the district court sits, we note that Pennsylvania Rule of Civil Procedure 424 outlines the state's requirements for serving a corporation.  Under that rule, service on a corporation may be made by personally serving the summons and complaint to (1) an executive officer, partner, or trustee of the corporation; or (2) the manager, clerk, or other person for the time being in charge of any regular place of business or activity of the corporation; or (3) an agent authorized by the corporation in writing to receive service of process for it.  *See* Pa. R. Civ. P. 424; *see also Tillman v. Fed. Home Loan Mortg. Corp.*, Civil Action No. 12-3260, 2013 WL 1482209, at *1–2 (E.D. Pa. Apr. 10, 2013).

4

effort to locate and serve Defendant, especially in light of the fact that Plaintiffs failed to attempt to serve any corporate officer.

"Good faith efforts [to locate the defendant] require more than 'a mere paper search.'" *Deutsche Bank Nat'l Tr. Co.*, 2014 WL 5410203, at *3 (citations omitted).  A good faith effort to locate the defendant includes taking such steps as making inquiries of the Post Office, including inquiries pursuant to the Freedom of Information Act ("FOIA"); making inquiries of the defendant's relatives, friends, neighbors, and employers; and examining public records such as telephone books, voter registration records, and motor vehicle records.[2]  Pa. R. Civ. P. 430(a), note; *Deutsche Bank Nat'l Tr. Co.*, 2014 WL 5410203, at *3.  Other efforts that may show good faith include "searching the Internet, calling telephone directory assistance, and hiring private investigators or skip tracer services."  *Deutsche Bank Nat'l Tr. Co.*, 2014 WL 5410203, at *3. "When a plaintiff fails to utilize most of these methods, he will not be able to show that regular service cannot be made." *Id.* (quotation marks and citations omitted).  Additionally, after the defendant is located, the plaintiff must show that he or she "has made practical efforts to serve defendant under the circumstances." *Tillman*, 2013 WL 1482209, at *2.

In this case, Plaintiffs do not point to any attempts they have undertaken to locate Miniscalco Corporation, other than merely referring to a Dun & Bradstreet report (which listed 1776 Stout Drive as the company's current address) and making an inquiry to the Postmaster. (*See generally* Doc. Nos. 4, 4-1.)  In fact, Plaintiffs bring this motion *before* even obtaining any response from its first—and only—inquiry with the Post Office.

Plaintiffs do not purport to have conducted any Internet searches,[3] hired private

---

[2] This list is neither exhaustive nor mandatory.  *See Calabro*, 464 F. Supp. 2d at 472.

[3] It may be that Plaintiffs conducted an extensive Internet search that included the types of searches identified in Rule 430(a), but "there is nothing in the record that supports that conclusion." *FMM*

5

investigators, examined public records,[4] made inquiries of Defendant's current or former employees, called telephone directory services, or followed up with the Post Office, among others. Nor do Plaintiffs aver that they called the telephone number associated with Miniscalco Corporation that is listed on the Dun & Bradstreet report to see if Defendant will accept service. *See Meregildo v. Miller*, Civil Action No. 2:20-cv-2679-KSM, 2020 WL 7123314, at *3 (E.D. Pa. Dec. 4, 2020) ("Meregildo has several phone numbers associated with Miller, but has not represented that she ever called Miller to see if Miller will accept service."). And although Plaintiffs identified Miniscalco Corporation's prior attorney, Mr. Birch, and contacted him to see if he would accept service, they do not claim that they identified active cases in which Miniscalco Corporation is a party, or that they searched the court records for the case in which Mr. Birch represented Defendant, to determine Miniscalco's contact information. *See Deutsche Bank Nat'l Tr. Co.*, 2014 WL 5410203, at *4. Plaintiffs also do not indicate that they asked Mr. Birch for the Defendant's last known address or the contact information of any of its corporate officers.

In addition, Plaintiffs did not indicate that they made *any* attempt to locate *any* of Miniscalco Corporation's officers, partners, or agents who are capable of accepting service on behalf of Defendant, including its President, Henry Miniscalco. *See Tillman*, 2013 WL 1482209, at *2 (finding that the plaintiff—who made two Freedom of Information Act inquiries to the Post Office and searched three Internet databases—did not make a good faith effort at locating the

---

*Bushnell, LLC v. Gilbert Commons*, No. 3:14-cv-1718, 2015 WL 737577, at *4 (M.D. Pa. Feb. 20, 2015); *see also Grove v. Guilfoyle*, 222 F.R.D. 255, 257 (E.D. Pa. 2004) ("[T]he Rules do not permit alternative service to issue on the basis of assumptions and likelihoods.").

[4] The *only* public record Plaintiffs purport to have checked is a Dun & Bradstreet report. (*See generally* Doc. No. 4.) Plaintiffs do not aver that they have checked the Pennsylvania Department of State business entities database, or other public records.

defendant, since he did not indicate that he "attempted to locate any of E & D's [the defendant corporation's] executive officers, partners, trustees, or managers that are capable of accepting service on behalf of E & D, or that he has examined any public records to identify such individuals"); *accord Deutsche Bank Nat'l Tr. Co.*, 2014 WL 5410203, at *1 ("Since then, Deutsche Bank has conducted searches to identify addresses where Marjer's president may be located. But, it did not sufficiently pursue those leads. Because Deutsche Bank has failed to demonstrate that it made a good faith effort to locate the defendant, we shall deny the motion.").

Further, Plaintiffs' process server only visited the 1776 Stout Drive address on one occasion, and the 40 West Evergreen Avenue, Suite 101 location once as well. Although "[t]he number of times a plaintiff attempts to make service is not necessarily determinate of whether the efforts were reasonable and practical[,] . . . it is certainly probative." *Tillman*, 2013 WL 1482209, at *2. We note that these two in-person attempts occurred right around the holidays, on December 23 and 29 respectively, when Defendant, and office workers and others who may have had contact with Defendant, were less likely to be present. Further, Plaintiffs do not present any evidence that they asked any questions to the person who told them that the Defendant closed its mailbox six months prior, which may shed light on what transpired.

Here, we cannot find—on the limited facts before us—that Plaintiffs have made a good faith effort to locate and serve Miniscalco Corporation. *See, e.g.*, *Johnson v. Berke Young Int'l, LLC*, Civil Action No. 07-2240, 2007 WL 3010531, at *2 (E.D. Pa. Oct. 12, 2007) (holding that the plaintiff failed to show that "service under the applicable rules 'cannot be made' where the plaintiff's process server attempted to serve defendant Strategic Healthcare Development, LLC only once, by visiting the company's last known address and leaving a card" and failed to explore other methods of locating the defendant under Rule 430(a)).

Indeed, this Court and others in this District have found a lack of good faith effort in cases where the plaintiffs did far more to locate and serve the defendants than Plaintiffs have done here.  *See, e.g.*, *Deutsche Bank Nat'l Tr. Co.*, 2014 WL 5410203, at *3–4 (concluding that the plaintiffs' efforts were insufficient as to both locating and serving the defendant, where they claimed that they performed public records searches, examined local telephone directories, made a voter registration inquiry, and performed mortgage and deed searches and attempted service of process "11 different times at five different addresses"); *Meregildo*, 2020 WL 7123314, at *1–2 (holding that the plaintiff did not make a good faith effort to locate and serve defendant Miller, where the plaintiff's process server attempted to serve Miller in person six times, obtained Accurint and White Pages reports on Miller, hired a private investigator to help locate Miller, and filed FOIA requests with the Post Office).

In the midst of the COVID-19 pandemic, the steps Plaintiffs took towards locating and serving Miniscalco Corporation—attempting to obtain a waiver of service, having a process server attempt in-person service once at two different locations, and filing a request with the Postmaster—are alone insufficient to demonstrate a good faith effort to locate and serve a defendant.  At this time, many companies have shuttered their businesses, begun working remotely, and/or changed or downsized locations for economic reasons.  Companies and their employees are also much less likely to utilize a shared workspace during these challenging times.  These conditions undoubtedly make it more difficult to locate and serve a defendant.  But they also raise the bar for demonstrating "good faith."

Given these deficiencies, and in light of the COVID-19 pandemic, we cannot conclude that Plaintiffs have made a good faith effort to locate and serve Defendant.

### B. *Proposed Alternative Means of Service*

Even if Plaintiffs had made a good faith effort to locate and serve Defendant, we would still deny their motion because a plaintiff's "proposed alternate means of service must be reasonably calculated to provide the defendant with notice of the proceedings against him." *See, e.g.*, *Tillman*, 2013 WL 1482209, at *3.

*Tillman v. Federal Home Loan Mortgage* is instructive. There, the plaintiff proposed to mail the summons and complaint, via regular mail and certified mail, to defendant E & D Property Service LLC at its 4505 Somerton Road address. *Id.* The court found that the proposed means of alternate service was not reasonably calculated to provide E & D notice of the proceedings against it and denied the plaintiff's motion for alternative service, because the plaintiff had "already attempted, unsuccessfully, to serve E & D at that address" and the plaintiff did not allege that E & D was "concealing its whereabouts or refusing to accept service at the 4505 location." *Id.* In other words, "[i]f E & D's office is not actually located at that address, then mailing the summons and Amended Complaint there will not adequately effectuate service on E & D." *Id.*; *see also Johnson*, 2007 WL 3010531, at *2 ("Plaintiff proposed to mail the summons and complaint to Defendants' last known addresses as an alternative means of service. However, since Plaintiff has already attempted, unsuccessfully, to serve Defendants at their last known addresses, his proposed alternative method of service cannot be deemed 'reasonably calculated to provide the defendant with notice of the proceedings against him.'" (citations omitted)).

Based on the facts Plaintiffs presented in their motion and affidavit, the *Tillman* court's rationale applies with similar force here. Plaintiffs propose to send, by first class mail, the complaint and summons to the 40 West Evergreen Avenue, Suite 101 address, and to email the

documents to haminiscaclo@miniscalcocorp.com. But according to Plaintiffs, they already attempted to effectuate service by those two means: first, Plaintiffs sent the waiver of service of summons form to the very same email address and did not receive a response, and second, Plaintiffs' process server attempted to personally serve Defendant at that same address and was told that Defendant no longer used the shared workspace and had closed its mailbox there six months before. And, as in *Tillman*, Plaintiffs do not claim that Defendant was trying to evade service at the 40 West Evergreen location or by email. Nor could they, as there is no evidence whatsoever that Defendant has any idea that this lawsuit exists. As such, neither method is reasonably calculated to provide notice to Defendant of the proceedings against it. Further, given that Plaintiffs filed their motion before receiving a response from the Post Office, it is unclear whether there is even a forwarding address on record. In sum, none of the three proposed methods of alternative service are reasonably calculated to give Miniscalco Corporation notice of this suit.

### III.

For these reasons, Plaintiffs' motion to use alternative methods to effectuate service upon Miller (Doc. No. 4) is denied without prejudice.

An appropriate order follows.